IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID HARPER, D.D.S., M.S.                                                                    PLAINTIFF

v.                                    No. 2:15-CV-02146

UNUM GROUP and THE PAUL REVERE
LIFE INSURANCE COMPANY                                                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff Dr. David Harper's motion to compel (Doc. 21), Defendants Unum Group and The Paul Revere Life Insurance Company's (collectively, "Unum") response (Doc. 25), Unum's motion for protective order (Doc. 32), Harper's response (Doc. 33), and the parties' supporting documents. For the following reasons, the Court finds that Harper's motion to compel (Doc. 21) should be GRANTED IN PART and DENIED IN PART, and Unum's motion for protective order (Doc. 32) should be GRANTED.

**I.    Background**

The instant motions stem from Dr. Harper's initial requests for production and second interrogatories and requests for production. Specifically at issue are: (1) a General Services Agreement between Unum Group and The Paul Revere Life Insurance Company; (2) performance reviews and bonus information for 2013 and 2014 for the three physicians who reviewed for Unum Harper's claim; (3) written agreements between Unum and its reviewing physicians for Dr. Harper, in regards to which Unum has submitted a motion for protective order (Doc. 21) while agreeing to produce the requested documents subject to entry of the protective order; and (4) records over a three-year period of each time that Unum or someone acting on its behalf reached a decision or opinion that a claimant's disability under a Unum policy was due to injury or sickness, as well as those same records for the reviewing physicians and specialists.

1

In accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.2(g), Harper contends that the attorneys for both parties "conferred in good faith on the matters discussed herein by a series of letters from 03/09/2016 through 07/11/2016 and by a face-to-face meeting on 07/11/2016." (Doc. 21, ¶ 3).

## II. Legal Framework

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" "Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In addition, Rule 26 "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003). Ultimately, determining the scope of discovery is within the discretion of the Court. *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011).

## III. Discussion

### 1. Request for Production 7

Unum agreed to produce a General Services Agreement between Unum Group and The Paul Revere Life Insurance Company in their response to the initial request on March 2, 2016. When Harper filed its motion to compel on July 18, 2016, it had not yet received the General Services Agreement. However, according to Unum's brief in support of their response to Harper's motion, the document has since been produced. (Doc. 31, page 3). Thus, there appears to be no need to compel production responsive to this request, and the Court will decline to do so.

2. **Request for Production 10**

This request seeks the 2013 and 2014 performance reviews and bonus worksheets for Unum's reviewing physicians Jerry Beavers, Frank Kanovsky, and Robert Keller.  All three of the reviewing physicians wrote reports for Unum in support of the decision that Harper was disabled due to sickness and not injury.  Additionally, Unum named all three as witnesses in initial disclosures and interrogatory answers.  Unum states that Dr. Keller was an independent contractor for it during the relevant years such that he was ineligible for incentive programs and does not have any performance reviews.  With respect to Dr. Beavers and Dr. Kanovsky, though, Unum provides seven objections to the request for their performance reviews and bonus information.

As an initial matter, local Rule 33.1(b) notes that "[i]t is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant.  The ground or grounds for the objection must be stated with particularity."  Unum has not stated with particularity how these requests, as they relate to a two-year period for two physicians, are overly broad or out of proportion.  Nor are the requested "bonus worksheets" vague and ambiguous.  Unum does present an argument that the performance reviews and bonus information are not relevant to the particular issues in this action.  Contrary to that position, though, the Court finds that these records are relevant to proving or discovering potential biases of Unum's reviewing physicians, and would go to the credibility of the witness.

Unum next argues that the records requested are confidential, contain private information of third-party employees, and, as to Massachusetts employees, are protected by Massachusetts General Laws c. 214, § 1B.  Courts in the Eighth Circuit have routinely found that individuals have a heightened privacy interest in a personnel file, but limited disclosure is nonetheless warranted when it is not unreasonable under the circumstances.  *Kampfe v. Petsmart, Inc*., 304 F.R.D. 554,

559 (N.D. Iowa 2015) ("[T]he interest of litigants in discovering relevant information pursuant to Rule 26 must outweigh the general privacy interest that an employee has in the contents of his or her employment file. That is, so long as the requesting party demonstrates a legitimate need, the information must be produced."); *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007) ("A proper balance between the privacy interests of non-parties, and the discovery interests of a litigant, assures that only relevant portions of the personnel files are open to disclosure."); *Christensen v. Quinn*, 2013 WL 1702040, at *8 (D. S.D. Apr. 18, 2013) ("[T]he right to privacy regarding personnel files is not absolute. It must be balanced against the need by [the requesting party] to have the information."). The law is similar in Massachusetts. *See Skelley v. Trustees of Fessenden Sch.*, 1994 WL 928172, at *8 (Mass. Super. May 2, 1994) ("[B]ecause there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy. The next question is whether these violations were unreasonable under the circumstances."); *see also Bratt v. Int'l Business Machines Corp.,* 467 N.E.2d 126, 134 (Mass. 1984); Mass. Gen. L. c. 214, § 1B.

Here, Harper seeks only the performance reviews and bonus information for his reviewing physicians in 2013 and 2014. This is not unreasonable under the circumstances. Unum cites *Rinehart v. Life Ins. Co. of N. Am.*, 2009 U.S. Dist. LEXIS 76670 (W.D. Wash. July 27, 2009) in support of its argument that privacy concerns should prohibit the production of the requested records. In that case, though, the plaintiff had broadly requested "all documents that evaluate the performance" as well as "all documents that contain criteria for evaluating the performance" of "each individual and/or unit involved in investigating, evaluating, or handling plaintiff's disability benefits claim under the Policy." *Id*. According to the court, that could include "tax returns, income statements, performance evaluations, and disciplinary records…" *Id*. Here, Harper has

specifically requested only the performance evaluations and bonus information of the reviewing physicians for two years. That is a much more reasonable and limited request than found in *Rinehart*.

Unum also cites Massachusetts General Laws c. 214, § 1B in support of its position that Massachusetts employee physicians are protected from unreasonable disclosure of private personal information. The statute establishes in relevant part that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy." Mass. Gen. L. c. 214, § 1B. "The statute obviously was not intended to prohibit serious or substantial interferences which are reasonable or justified." *Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 567 N.E.2d 912, 914 (Mass. 1991). As previously stated, the Court does not view discovery of the requested documents to be unreasonable, and it thus determines Massachusetts General Laws c. 214, § 1B does not preclude their production. Therefore, Harper's motion should be GRANTED to the extent it seeks to compel Unum's response to Request for Production 10.

### 3. Request for Production 29

Unum has agreed to produce Dr. Keller's independent contractor agreement for 2013 and 2014—the only written agreement it possesses that complies with Harper's request for written consulting agreements between Unum and the reviewing physicians—subject to the entry of a protective order. Harper opposes the motion for the protective order, arguing in its response that Unum has failed to show good cause as to why a protective order should be entered, and because the proposed order "is unnecessarily cumbersome, overreaching, and unfairly restrictive". Doc. 33, page 1.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." The Court finds that Unum has shown good cause for entering a protective order for its written consulting agreement with Dr. Keller for 2013 and 2014, but the Court believes Unum's proposed protective order to be too overbroad for achieving that purpose. Unum has not shown good cause as to why a protective order should extend beyond the scope of Dr. Keller's written consulting agreement. As a result, Harper's motion to compel the production of Dr. Keller's written agreement with Unum for 2013 and 2014 should be GRANTED. The Court will separately enter a protective order tailored to production of the written consulting agreement.

### 4. Interrogatory 10, Requests for Production 30 and 31

Both Requests for Production 30 and 31 are nested under Interrogatory 10. In Request 30, Harper requests that Unum produce each report or document from July 21, 2011 to July 21, 2014 in which Unum stated a decision or opinion under an Unum policy that a claimant's disability was due to injury or due to sickness. In Request for Production 31, Harper seeks this same information, but only for the three reviewing physicians on his own claim and for Jason Garry, Unum's Lead Disability Benefits Specialist, and Melissa Walsh, Unum's Lead Appeals Specialist, who also reviewed Harper's claim. Interrogatory 10, under which both requests are made, seeks (1) who stated the decision or opinion and for whom they were acting; (2) the contact information of the claimant; (3) the date of the decision; (4) whether the decision or opinion was that the claimant's disability was due to injury or sickness; and (5) whether the insurance policy included similar language or a similar provision to that of Dr. Harper.

Unum contends that these requests are overly broad and burdensome, claiming that "[t]here would be no way to research this without an individual review of each file numbering in the

6

hundreds of thousands." (Doc. 26, page 7). With respect to Request 30 regarding all Unum employees who made a decision on this basis over a three-year period, the Court finds that Harper's request is not proportional to its needs in this case. Fed. R. Civ. P. 26(b)(1). However, Unum has not separately argued how the request for this same information is overly burdensome in regards to the five reviewing individuals, and the Court does not believe a review of those five individuals' relevant files for a three-year period would create a burden of the same magnitude. As such, the Court finds Harper's Request 31 with respect to the five reviewing individuals to be proportional to his needs. These records of the reviewing individuals appear to be relevant and, taking note of the individuals' privacy concerns, production is not unreasonable under the circumstances.

As to the specific information requested in Interrogatory 10, the Court does not believe that the contact information of prior claimants is relevant to the present action. Harper argues that "[o]ther claimants who experienced claim denials similar to Dr. Harper's claim denial are potential witnesses in this case…" (Doc. 22, page 12). Harper does not articulate how separate claimants could actually be potential witnesses in this action, which concerns only his own claim. Harper provides no other argument for the relevancy of the other claimants' contact information. The Court does not see how this information could be used in this present action. This concern, along with the heightened privacy rights of the prior claimants in their medical information, leads the Court to determine that the requested contact information of other claimants is unnecessary.

Accordingly, the Court instructs Unum to redact the names, addresses, email addresses, and telephone numbers of all prior claimants in its production of documents pursuant to Request 31. Otherwise, Harper's motion to compel the production of a response under Interrogatory 10, Request for Production 31 should be GRANTED. Harper's motion as it relates to Interrogatory 10, Request for Production 30 should be DENIED.

**IV.**     **Conclusion**

IT IS THEREFORE ORDERED that Harper's motion to compel (Doc. 21) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Unum is directed to produce responses to Requests for Production 10 and 29 as well as to Interrogatory 10, Request for Production 31. Each of these responses are due no later than September 29, 2016. The motion is DENIED as it pertains to Interrogatory 10, Request for Production 30.

IT IS SO ORDERED this 29th day of August, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE