IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID HARPER, D.D.S., M.S.                                                                PLAINTIFF

v.                                            No. 2:15-CV-02146

UNUM GROUP and THE PAUL REVERE
LIFE INSURANCE COMPANY                                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants Unum Group and The Paul Revere Life Insurance Company's (collectively, "Unum") motion for partial summary judgment (Doc. 57), Plaintiff Dr. David Harper's response (Doc. 61), Unum's reply (Doc. 64), and the parties' supporting documents. For the reasons set forth below, Unum's motion will be granted.

This case involves a Lifetime Total Disability Benefit Rider as part of an insurance policy issued by Unum to Dr. Harper on January 9, 1993. The rider provides total disability income protection coverage, with the monthly benefit to start paying when he is 65 years old. Dr. Harper is currently 63 years old. Dr. Harper is disabled, and claims that his disability under the rider was improperly characterized as due to sickness rather than injury. For total disability due to injury, the monthly benefit amount paid to Dr. Harper upon his turning 65 would be $15,000. For total disability due to sickness, the monthly benefit under the policy would be $9,000.

Unum approved Dr. Harper's claim for total disability in July of 2013 when he was 59 years old, but Unum determined in a December 3, 2013 letter that Dr. Harper's disability was related to a sickness and not an injury. Based on this decision, Dr. Harper claims breach of contract, negligence, bad faith, and violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann.

1

§ 4-88-101 et seq. (Doc. 53).[1] He seeks the following relief: a declaratory judgment that his disability was caused by injury; compensatory damages in the form of monthly benefits for total disability due to illness upon reaching the age of 65; punitive damages for Unum's alleged bad faith; prejudgment interest; a twelve-percent statutory penalty; and attorney's fees.

The parties agree that the rider at issue does not apply until Dr. Harper reaches his 65th birthday and that Dr. Harper is receiving full monthly benefits to which he is currently entitled under the policy. (Doc. 62). Unum argues that Dr. Harper has not suffered any damages, and he is only entitled to declaratory judgment if he is successful on the merits of his claims. Unum therefore seeks the entry of summary judgment on all of Dr. Harper's remedies requests except for declaratory judgment and attorney's fees.

Dr. Harper's response focuses heavily on temporal restrictions which led to the lawsuit's filing. The limitations period invoked in Unum's policy requested the filing of the immediate lawsuit within three years of when written proof of the loss was required. (Doc. 63, pp. 2-4). Further, Dr. Harper's treating neurosurgeon has been diagnosed with ALS and is quickly losing his ability to speak, a fact witness is almost 90 years old, and two of Unum's reviewing physicians are elderly, with one having since retired. (*Id*., pp. 4-6). While the Court understands the reasons why Dr. Harper filed the instant lawsuit when he did, that alone does not entitle him to more than a declaratory judgment at this time.

The primary issue ripe for adjudication in the instant motion is whether Unum committed an anticipatory breach, as contested by Dr. Harper. Where there is no repudiation of a disability

---

[1] By previous order, the Court dismissed without prejudice Dr. Harper's claim for breach of contract due to ambiguity. (Doc. 52). In his amended complaint that followed, Dr. Harper reasserted the breach of contract due to ambiguity claim with exactly the same allegations. (Doc. 53). Dismissal without prejudice is warranted for the same reasons outlined in the Court's previous order. (Doc. 52).

2

insurance policy so as to result in an anticipatory breach, the insured is not entitled to future payments under the policy. *Gen. Am. Life Ins. Co. v. Yarbrough*, 360 F.2d 562, 568 (8th Cir. 1966).[2] In *Willis v. Insurance Company of North America*, the court found that under Arkansas law an insurer's determination that the insured was not totally disabled was not an anticipatory repudiation such that the insured was entitled to a lump-sum award representing the present value of future installments of the insurance policy. 820 F. Supp. 408, 410 (E.D. Ark. 1993). "[T]he distinction lies in whether the insurance company renounces the fact that it is bound by the contract or merely denies that it is liable to an insured under the terms of the policy." *Id*. Here, Unum has not renounced the fact that it is bound to the policy at issue, or even specifically to the rider to that policy; rather, Unum takes the position that the rider obligates it to pay Dr. Harper for total disability due to sickness as opposed to injury when he attains the age of 65. Unum has not committed an anticipatory breach because it has not repudiated the disability insurance policy. As a result, Dr. Harper is not entitled at this time to future benefits under the policy and compensatory damages cannot be recovered in the present lawsuit. Because compensatory damages will not be awarded if Dr. Harper is successful on the merits of his claim, no prejudgment interest will be awarded, either.

Next, Unum argues that punitive damages may not be awarded where there are no compensatory damages. The Court agrees, and will not allow the recovery of punitive damages in this case. *See* Howard Brill, *Arkansas Law of Damages* § 9:5 (2016) ("Punitive damages cannot

---

[2] Dr. Harper argues that the line of case law cited in *Yarbrough* is distinguishable because there is a difference between entitlement to a lump sum payment of the present value of all future benefits (the relief sought in the cited cases) and entitlement to payment of benefits as they become due, which is what Dr. Harper seeks here. (Doc. 63, p. 11). The Court is not convinced. A declaratory judgment in Dr. Harper's favor would entitle him to the payment of disability benefits as they become due.

be awarded unless the issue of compensatory damages has been both submitted to the jury or fact-finder and decided affirmatively.").

Finally, Unum argues that Dr. Harper cannot recover a twelve-percent statutory penalty under Ark. Code Ann. § 23-79-208 because that statute only applies in cases "in which loss occurs." Dr. Harper responds that he has "suffered the loss in the form of an injury causing disability, for which Unum has declined to pay full benefits . . . ." For purposes of this litigation, no loss has occurred because the parties agree that Dr. Harper is receiving the full monthly benefits to which he is currently entitled under the policy. (Doc. 62). Furthermore, Arkansas state law does not allow the recovery of the twelve-percent penalty in declaratory judgment actions. *See* Ark. Code Ann. § 23-79-209; *Shelter Mut. Ins. Co. v. Smith*, 300 Ark. 348, 353–54 (1989). The Court finds that Dr. Harper cannot recover a twelve-percent penalty pursuant to Ark. Code Ann. § 23-79-208 because it is inapplicable under the facts of this case.

IT IS THEREFORE ORDERED that Unum's motion for partial summary judgment (Doc. 57) is GRANTED. In the event that Dr. Harper is successful on the merits of his substantive claims, he cannot recover compensatory damages, prejudgment interest, punitive damages, or the twelve-percent statutory penalty. To the extent that these damages requests are to be construed as claims, they are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED, this 3rd day of April, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE